Jason S. Brouhard, OSB # 98187
jason_brouhard@charterinternet.com
BROWN, HUGHS, BIRD, ROTE,
WETMORE & BROUHARD, LLP
612 NW Fifth Street
Grants Pass, OR 97526
Telephone: (541) 479-2678
Telefax:    (541) 479-7485
        Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARRIN WAYNE QUIMBY, | Civil Action, File No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | (Removed from Circuit Court of the State of Oregon, Josephine County Case No. 07-CV-0312) |
| DUTCH MINING, L.L.C., | |
| Defendant. | |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 USC §§ 1441 and 1446, Defendant Dutch Mining, L.L.C. ("Defendant") hereby gives notice of the removal of this action from the Circuit Court of the State of Oregon, Josephine County Case No. 07-CV-0312, to the United States District Court for the District of Oregon, Medford Division, based upon the following grounds.

1.    On April 19, 2007, Plaintiff Darrin Wayne Quimby ("Plaintiff") filed a Complaint in this action now pending in Josephine County Circuit Court as Quimby v. Dutch Mining, L.L.C.,

Case No. 07-CV-0312. Pursuant to 28 USC § 1446(a), all state court papers served on Defendant at the time of removal, consisting of Summons and Complaint, Affidavit Proof of Service, and Affidavit of Mailing, are attached as Exhibit 1.

2.   This Notice of Removal is timely filed under 28 USC § 1446(b), which provides that a notice of removal must be filed within 30 days after a Defendant receives, by service or otherwise, the initial pleading. As of the date of filing this Notice of Removal, Defendant Dutch Mining, L.L.C. had been served with process. Defendant Dutch Mining, L.L.C. was served on May 11, 2007. See Exhibit 1, pp. 11 and 12.

3.   No further proceedings have been had in the Circuit Court of Josephine County, Oregon, as of the date of filing of this removal.

FEDERAL QUESTION JURISDICTION EXISTS

4.   This is a civil action over which this Court has original jurisdiction pursuant to 28 USC § 1331. This action may be removed pursuant to 28 USC § 1441(c) because the action involves a federal question. (Complaint, Prayer for Relief.)

REMOVAL TO THIS DISTRICT IS PROPER

5.   Pursuant to 28 USC §§ 1331, 1441(c), and 1446, removal of the above-captioned State Court action to this Court is appropriate.

6.   Pursuant to 28 USC § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

7.   The Defendant is providing to the Plaintiff, through his counsel, written notice of the filing of this Notice of Removal. Furthermore, the Defendant is filing a copy of this Notice of

2   NOTICE OF REMOVAL

Removal with the Clerk of the Circuit Court of Josephine County, Oregon, where the action is currently pending.

DATED this 6 day of June, 2007

BROWN, HUGHES, BIRD, ROTE, WETMORE & BROUHARD, LLP

By: _____
Jason S. Brouhard, OSB #98187
Telephone: (541) 479-2678
Of Attorneys for Defendant
Dutch Mining, L.L.C.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF JOSEPHINE

| | |
|---|---|
| DARRIN WAYNE QUIMBY, <br><br> Plaintiff, <br><br> vs. <br><br> DUTCH MINING, L.L.C, <br><br> Defendant. | Case No.: No. 07CV0312 <br><br> SUMMONS <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES |

TO: Dutch Mining, L.L.C, Attn: James P. Draudt, 4000 SW Broadway #1950, Portland, OR 97205

**YOU ARE HEREBY REQUIRED** to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons on you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the petition.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You may be liable for attorney fees in this case. A judgment for attorney fees can be entered against you as provided in ORS 652.200, ORS 653.055, and 29 USC § 216 should Plaintiff in this case prevail.

**YOU MUST** "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on Plaintiff's attorney or, if Plaintiff does not have an attorney, proof of service on Plaintiff. If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

DATED this 3rd day of May, 2007.

_____
Carl Post, OSB No. 06105
Attorney for Plaintiff
See address below for contact information

I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.

_____
Lawyer of Record for Plaintiff

SUMMONS
Page 1 of 1

Carl Post, Attorney at Law, PC
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 1 OF 13

A TRUE COPY

_____
of Attorneys for Plaintiff.(s)

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## IN THE COUNTY OF JOSEPHINE

| | |
|---|---|
| DARRIN WAYNE QUIMBY, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| vs. | OREGON WAGE CLAIM; OREGON OVERTIME CLAIM; FEDERAL WAGE CLAIM; FEDERAL FAIR LABOR STANDARDS ACT; UNJUST ENRICHMENT |
| DUTCH MINING, L.L.C., | |
| Defendant. | |
| | NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiff alleges as follows:

### FIRST CLAIM FOR RELIEF
(Wage Claim, Oregon State Statutory Penalty)

1.

At all time material herein, plaintiff was a resident of Josephine County, Oregon.

2.

At all times material herein, defendant was doing business in, and resident of Josephine County, Oregon.

3.

At all times material herein, plaintiff was employed by defendant.

4.

On or about January 2, 2005, plaintiff began working for defendant.

5.

On or about March 1, 2007, plaintiff and defendant's working relationship ended.

COMPLAINT
Page 1 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT __1__
PG __2__ OF __13__

6.

During plaintiff's employment, plaintiff typically worked in excess of 10 hours per day, six days per week.

7.

During plaintiff's employment in 2005, plaintiff work approximately 2000 regular hours and 1600 hours of overtime. In 2006, plaintiff worked approximately 2000 regular hours and 1000 hours of overtime. In 2007, plaintiff worked approximately 287 regular hours and 59 hours of overtime.

8.

The state minimum wage was $7.25 in 2005.

9.

Defendant failed to pay plaintiff any wages from January 2005 through December 2005. From January 2006 through March 2007, defendant failed to pay plaintiff all wages earned by plaintiff. Defendant failed to make payments of all plaintiff's wages earned with 48 hours after termination in the amount of $48,525.50.

10.

Defendant's failure to make payment of plaintiff's wages when due was willful and said failure continued for a period of thirty (30) days after plaintiff's wages were due and payable.

11.

Because of defendant's willful failure to immediately make payment of plaintiff wages when due, plaintiff is due a statutory penalty of $7200.00.

12.

Because of defendant's failure to pay plaintiff's wages within forty-eight (48) hours after they were due, plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200(2).

COMPLAINT
Page 2 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 3 OF 13

13.

Plaintiff seeks damages for unpaid wages in an amount of $48,525.50, a statutory penalty in the amount of $7200.00, cost, disbursements, and attorney fees, and pre and post judgment interest at the statutory rate of 9 percent annum.

## SECOND CLAIM FOR RELIEF
(Overtime Wages, Oregon Statutory Penalty)

14.

Plaintiff realleges al previous paragraphs.

15.

During the year 2005, defendant allowed permitted, and suffered plaintiff to work a total 1600 hours of overtime.

16.

During the year 2006 defendant allowed, permitted, and suffered plaintiff to work a total of 1000 hours of overtime.

17.

During the year 2007 defendant allowed, permitted, and suffered plaintiff to work a total of 59 hours of overtime.

18.

Pursuant to ORS 653.261, OAR 839-020-0030, and ORS 653.020 during the year 2005 defendant was required to pay plaintiff a minimum of $10.88 per hour for hours worked in excess of 40 hours per week. During the months of January through October 2006, defendant was required to pay plaintiff a minimum of $52.50 per hour for hours worked in excess of 40 hours per week. During the months of November 2006 through March 2007, defendant was required to pay plaintiff a minimum of $45.00 per hour for hours worked in excess of 40 hours per week.

COMPLAINT
Page 3 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 4 OF 13

19.

Defendant failed to pay plaintiff for all hours of overtime worked and earned and those wages were due, and remain due in the amount of $37,955.50. Because of defendants failure to pay plaintiff for the overtime hours worked, plaintiff, pursuant to ORS 653.055 and ORS 653.025 is entitled to a civil penalty as computed by ORS 652.150 in the amount of $7200, ($30.00 x 8 hours a day x 30 days).

20.

Plaintiff has been required to bring this action to recover overtime earnings and penalties, and is entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 653.055 and ORS 652.200.

21.

Plaintiff seeks overtime wages in the amount of $37,955.50, a civil penalty of $7200.00, plus plaintiff's costs, disbursements, and attorney fees, along with pre and post judgment interest at the statutory rate of 9 percent annum.

### THIRD CLAIM FOR RELIEF
(Violation of State Minimum Wage Law)

22.

Plaintiff realleges all previous paragraphs.

23.

During 2005, defendant allowed permitted, and suffered plaintiff to work a total of 2000 regular hours and 1600 hours of overtime.

24.

The minimum wage an employer may pay an employee in 2005 was $7.25 an hour.

///

///

COMPLAINT
Page 4 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 5 OF 13

25.

The minimum wage an employer may pay an employee for the above hours of work is $18,858.00.

26.

Defendant failed to pay plaintiff these required minimum wages. Because of defendant's failure to pay plaintiff for the hours worked at the required minimum wage, plaintiff, pursuant to ORS 653.055 and ORS 652.150, is entitled to a civil penalty of $1740.00 as computed by ORS 652.150 and ORS 653.025.

27.

Plaintiff has been required to bring this action to recover unpaid minimum wages and penalties, and is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 653.055 and ORS 652.200.

28.

Plaintiff seeks minimum wages in the amount of $18,858.00, a civil penalty in the amount of $1740.00, plaintiff's costs, disbursements, attorney fees, and pre and post judgment interest at the statutory rate of 9 percent per annum.

### FOURTH CLAIM FOR RELIEF
(Federal Overtime, Fair Labor Standards Act, Liquidated Damages)

29.

Plaintiff realleges all previous paragraphs.

30.

At all times material herein, defendant was engaged in commerce or in the production of goods for commerce, and subject to the Fair Labor Standards Act.

///
///

COMPLAINT
Page 5 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 6 OF 13

31.

In 2005, 2006, and 2007 defendant allowed, permitted, and suffered plaintiff to work a total of 4287 regular hours, 2659 overtime hours, and there remains unpaid wages due in the amount of $48,525.50.

32.

Pursuant to 29 USC § 207, defendant was required to pay plaintiff at a rate of 1 ½ times plaintiff regular rate of pay for those hours worked in excess of 40 hours per week when those wages were due.

33.

Defendant willfully failed and refused to pay plaintiff for those hours of overtime and regular hours and there remains due and unpaid regular and overtime wages in the amount of $48,525.50. Because of defendant's willful failure to pay plaintiff for the wages, when those wages were due, plaintiff is entitled, pursuant to 29 USC § 216, to liquidated damages equal to the amount of unpaid wages in the amount of $48,525.50.

34.

Plaintiff has been required to bring this action to recover wages and overtime and liquidated damages, and is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to 29 USC § 207 and 29 USC § 216.

35.

Plaintiff seeks damages, pursuant to 29 USC § 207, regular and overtime wages in the amount of $48,525.50, plus liquidated damage of an equal amount, plus costs, disbursements, attorney fees, and pre and post judgment interest.

///
///
///
///

COMPLAINT
Page 6 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 7 OF 13

## FIFTH CLAIM FOR RELIEF
(Alternative Claim to Previous Claims one through three – Unjust Enrichment/Quantum Meruit)

36.

Plaintiff realleges all previous paragraphs.

37.

Plaintiff brings this claim as an alternative to claims one through three.

38.

Plaintiff worked for defendant and was not paid any wages from January 2005 through December 2005. Plaintiff was not paid wages for all of the hours he worked for defendant from November 2005 until March 2007.

39.

A reasonable rate of compensation for the services plaintiff performed, and was not compensated for, is $130,547.50.

40.

Plaintiff conferred that benefit to defendant, defendant was aware that they were receiving this benefit, and under the circumstances, it would be unjust to allow defendant to retain the benefit of plaintiff's services without requiring defendant to pay for it.

41.

Under the circumstances, defendant has been unjustly enriched in the amount of $130,547.50.

42.

Plaintiff is entitled to damages in the amount of $130,547.50, his costs, disbursements, and pre and post judgment interest at the statutory rate of 9 percent per annum.

///

///

///

COMPLAINT
Page 7 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 8 OF 13

WHEREFORE, plaintiff prays for judgment as follows:

First Claim for Relief

1. Unpaid wages in the amount of $48,525.50;
2. A statutory penalty in the amount of $7200.00;
3. Costs, disbursements, and reasonable attorney fees;
4. Pre and post judgment interest at the statutory rate of nine percent per annum; and
5. For such other and further equitable relief as the court deems just and appropriate.

Second Claim for Relief

1. Unpaid overtime wages in the amount of $37,955.50
2. A statutory penalty in the amount of $7200.00;
3. Costs, disbursements, and reasonable attorney fees;
4. Pre and post judgment interest at the statutory rate of nine percent per annum; and
5. For such other and further equitable relief as the court deems just and appropriate.

Third Claim for Relief

1. Unpaid wages in the amount of $18,858.00;
2. A statutory penalty in the amount of $1740.00;
3. Costs, disbursements, and reasonable attorney fees;
4. Pre and post judgment interest at the statutory rate of nine percent per annum; and
5. For such other and further equitable relief as the court deems just and appropriate.

Fourth Claim for Relief

1. Unpaid wages in the amount of $48,525.50;
2. A statutory penalty in the amount of $48,525.50;
3. Costs, disbursements, and reasonable attorney fees;
4. Pre and post judgment interest at the statutory rate of nine percent per annum; and
5. For such other and further equitable relief as the court deems just and appropriate.

COMPLAINT
Page 8 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT 1
PG 9 OF 13

## Fifth Claim for Relief

1. Damages in the amount of $130,547.50;

2. Costs and disbursements;

3. Pre and post judgment interest at the statutory rate of nine percent per annum; and

4. For such other and further equitable relief as the court deems just and appropriate.

Dated this __17__ day of April, 2007.

_____
Carl Post, OSB No. 06105
Attorney for Plaintiff
Tel: 541-773-9203
Fax: 541-734-4949
carlpost@carlpostlaw.com

Carl Post, Attorney at Law, PC
916 W. 10th St., Ste 205
Medford, OR 97501

COMPLAINT
Page 9 of 9

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205 Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpost@carlpostlaw.com

EXHIBIT __1__
PG __10__ OF __13__

true copy
[signature]

In the Circuit Court of the State of OREGON for the county of Josephine

DARRIN WAYNE QUIMBY,  }
                      }
                      }
                      }
                      }
plaintiff             }   No. 07CV0312
        VS.           }
DUTCH MINING, L.L.C., }
                      }
                      }
                      }
defendant             }

---

STATE OF  OREGON           }              AFFIDAVIT
                           } SS.       PROOF OF SERVICE
COUNTY OF MULTNOMAH        }

   I HEREBY CERTIFY, that I have made service of the following upon the
   individual(s) named below by delivering a certified/true copy of
   Summons and Complaint


Upon Dutch Mining, L.L.C., by leaving such true copy with
Lori Pink, Person authorized to accept, for James P. Draught, R/A
thereof; at 9755 SW Barnes Rd #695, Portland, OR  97225
on May 11, 2007, at 10:30AM

I further certify that I am a competent person 18 years of age or older and
a resident of the state of service or the State of Oregon, and that I am not
a party to nor an officer, director or employee of, nor attorney for any
party, corporate or otherwise; that the person, firm or corporation served
by me is the identical person, firm or corporation named in the action.

                              Dated May 18, 2007

                              [signature]
                              Dorothy L. Johnston

Subscribed and Sworn to before
me this 18 day of May, 2007.    TRANSERV LEGAL PROCESS SERVICE
                                310 S.W. Fourth Ave, Suite 200
                                Portland, Oregon 97204
                                (503) 241-0484

[notary signature]

OFFICIAL SEAL
R G LEE ROSKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 379789
MY COMMISSION EXPIRES MAY 11, 2008

                                299201
                                EXHIBIT  1
                                PG  11  OF  13

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF JOSEPHINE

| | |
|---|---|
| DARRIN WAYNE QUIMBY,<br><br>    Plaintiff,<br><br>vs.<br><br>DUTCH MINING, L.L.C.,<br><br>    Defendant. | Case No.: 07CV0312<br><br>**AFFIDAVIT OF MAILING** |

THE STATE OF OREGON  )
                              ) ss.
County of Josephine   )

    I, Carl Post, being first duly sworn on oath, do hereby depose and say that:

1. I am the attorney of record for Plaintiff herein.

2. That on May 29, 2007 I caused to be mailed by first class mail to James P. Draught, agent of Defendant, Dutch Mining, Inc., true copies of the Summons and Complaint together with a copy of the Proof of Service and a cover letter that states the date, time, and place at which office service was made.

DATED this 29th day of May, 2007.

                                                               Carl Post, OSB No. 06105

SUBSCRIBED AND SWORN TO before me this 29th day of May, 2007.



                                                  Notary Public, State of Oregon
                                                  My Commission Expires: 11-30-07

EXHIBIT 1
PG 12 OF 13

Affidavit
Page 1 of 1

Carl Post, Attorney at Law
916 W. 10th St., Ste. 205  Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4942
carlpostlaw@hotmail.com

# CERTIFICATE OF SERVICE

I, Carl Post, attorney for Plaintiff Darrin Quimby, hereby certify that on the dated noted below, I caused a true, exact and full copy of the Affidavit of Mailing and Proof of Service to be served on the interested party(s) listed below:

<u>Attorney for Defendant:</u>
Jason Brouhard
Brown, Hughes, et al
PO Box 10
Grants Pass, OR 97528-0001
Fax: (541) 479-7485

☒ **By mailing** a true copy via the United States Post Office, in a sealed envelope with postage fully prepaid thereon, addressed to the above individual(s) at such individual's last known address.

☐ By way faxing a true copy to the above individual(s) at the facsimile number listed above.

☐ By **hand-delivering** and leaving a true copy at the regular office of the above individual.

☐ By sending a true copy thereof via **overnight courier** in a sealed, prepaid envelope, to the above individual(s) at such individual's last known address.

Dated: May 29, 2007

_____
Carl Post, OSB No. 06105

Certificate of Service
Page 1 of 1

Carl Post, Attorney at Law, PC
916 W. 10th St., Medford, Oregon 97501
P: (541) 773-9203 F: (541) 734-4945
carlpost@carlpostlaw.com

EXHIBIT 1
PG 13 OF 13

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing **NOTICE OF REMOVAL** to be served on the following:

CARL POST
ATTORNEY AT LAW, PC
916 W 10TH STREET, SUITE 205
MEDFORD OR 97501
Tel: (541) 773-9203
Fax: (541) 734-4942
carlpost@carlpostlaw.com

[X]    by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed as shown above and deposited in the U. S. Mail at Grants Pass, Oregon on the date set forth below;

[ ]    by causing a copy thereof to be hand-delivered to said attorney's/attorneys' address(es) as shown above on the date set forth below;

[ ]    by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's/attorneys' address(es) as shown above on the date set forth below; or

[ ]    by faxing a copy thereof to said attorney's/attorneys' facsimile number(s) on the date set forth below. A facsimile machine is maintained at said attorney's/attorneys' office(s). The machine(s) was/were operating at the time service was made as shown by the attached printed confirmation of receipt of the message generated by the transmitting machine.

Dated this 7th day of June, 2007        BROWN, HUGHES, BIRD, ROTE,
                                        WETMORE & BROUHARD, LLP


                                        By: _____
                                        Jason S. Brouhard, OSB #98187
                                        Of Attorneys for Defendant
                                        Dutch Mining, L.L.C.

Page 1 - CERTIFICATE OF SERVICE